CLAY, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority opinion with respect to the conclusions and the underlying analysis contained in Parts II.B, II.D., and II.E. Specifically, I agree that: (1) the indemnification provision of the Asset Purchase Agreement (“APA”) required Defendant SPX to have actual knowledge of the facts or circumstances constituting the inaccuracy of the warranty with respect to Promec; (2) Defendant SPX did not breach warranties with respect to Sealed Power Nevada; and (3) Plaintiff was not entitled to attorney’s fees under Delaware law. I disagree with the majority opinion, however, as to Part II.C. Specifically, I disagree that the correct inquiry is whether Defendant SPX “believed there was a reasonable chance that the right of first refusal would be triggered by [the transaction between Defendants SPX and Dana].” Maj. Op. at 499. I further disagree that remand is necessary to determine whether the indemnification provision was triggered. I therefore respectfully dissent.
I would first like to note two points of agreement with the majority opinion with respect to Part II.C. I agree with the opinion that “actual knowledge does not mean, as the district court defined it, actual knowledge of a ‘substantial likelihood that Condumex would assert and prevail on its claim.’ ” Maj. Op. at 498. I further agree that “the language ‘facts or circumstances constituting such inaccuracy’ suggests that only knowledge of the underlying facts, rather than legal knowledge, was required.” Maj. Op. at 498. The majority opinion correctly finds a distinction between factual knowledge and legal knowledge, and the majority opinion correctly concludes that only factual knowledge is required under the indemnification provision.
The preceding analysis of the majority opinion makes its proposed inquiry all the more puzzling. Rightfully finding fault with the district court’s actual-knowledge-of-a-substantial-likelihood inquiry, the majority opinion proceeds to replace it with an inquiry with the same flaw, as well as an additional flaw. The majority finds that the proper inquiry to determine whether the indemnification provision has been triggered is whether Defendant SPX “believed there was a reasonable chance that the right of first refusal would be triggered by [the transaction between Defendants SPX and Dana].” Maj. Op. at 499. With this inquiry, the majority opinion steps on to the same mistaken path as the district court. Like the district court’s “substantial likelihood” inquiry, the “reasonable chance” inquiry peers into the legal knowledge of Defendant SPX, knowledge that the opinion correctly finds is irrelevant to the indemnification provision. The “reasonable chance” inquiry merely lowers the bar as to Defendant SPX’s legal knowledge that will trigger the indemnification provision. The majority opinion’s reliance on legal knowledge is not unintentional; the majority opinion places importance on whether Defendant SPX “knew that the right [of first refusal] would be triggered” and whether Defendant SPX *502 thought that the “right of first refusal had some teeth,” Maj. Op. at 499. These questions unequivocally speak to Defendant SPX’s legal knowledge.
Even more troublesome is the majority opinion’s replacement of the “actual knowledge” component of the inquiry with a “belief’ component. The subjective concept of “belief’ is nowhere to be found in the indemnification provision. The majority opinion has, on no justifiable basis, added an additional term to the APA. Moreover, Defendant SPX’s belief does not even have to be objectively reasonable. The resulting inquiry simply does not make any sense. For example, suppose a prior Sixth Circuit case is directly on point; the case holds that indirect transfers trigger a contractual right of first refusal. Suppose that Defendant SPX knew of this case, but mistakenly believed that the case had been overruled by the Supreme Court. Under the majority opinion’s inquiry, Defendant SPX would not be liable because it did not believe there was a reasonable chance that the indemnification provision would be triggered, a conclusion that is absurd on its face. The hypothetical exposes the intrinsic flaw in the majority opinion’s inquiry: it is unabashedly circular. Under the majority opinion’s logic, the indemnification provision is triggered if Defendant SPX believed the provision would be triggered; the indemnification provision is not triggered if Defendant SPX did not believe the provision would be triggered. With such an inquiry, one does not need to possess clairvoyance to predict Defendant SPX’s argument on remand. Defendant SPX will assert that the mere fact that it entered into the APA demonstrates that it did not believe that the indemnification provision would be triggered. Only if Defendant SPX’s officers were in dereliction of their duty to the corporation and its shareholders would they enter into an agreement believing that an indemnification provision in that agreement would be triggered, thus subjecting the corporation to millions of dollars of liability. In short, the majority opinion’s inquiry would “entitle SPX to hide behind its subjective legal theory.” Maj. Op. at 499.
A much more literal and straightforward approach is in order. As the majority opinion initially and correctly notes, the key point should be the “underlying facts” of the inaccuracy of the Promec warranty. Maj. Op. at 498. Thus, the inquiry should be whether Defendant SPX had actual knowledge of the underlying facts, as opposed to legal knowledge, constituting the inaccuracy of the Promec warranty. The parties do not dispute the district court’s finding that the Promec warranty was inaccurate. The underlying fact of the inaccuracy is the existence of Plaintiffs right of first refusal under the 1981 shareholders’ agreement. There is no question that Defendant SPX had actual knowledge of this underlying fact. General counsel for Defendant SPX, whose knowledge is imputed to Defendant SPX under the APA, participated in drafting the 1981 shareholders’ agreement. In addition, it is more than fair to presume that a party to a contract has actual knowledge of the provisions of the contract. There is no genuine issue of material fact; Defendant SPX is liable to Defendant Dana under the indemnification provision of the APA.
I would therefore reverse the grant of summary judgment in favor of Defendant SPX, reverse the denial of summary judgment against Defendant Dana, and grant summary judgment in favor of Defendant Dana on the indemnity issue. I would remand to the district court only to determine the amount of Defendant SPX’s liability to Defendant Dana under the indemnification provision of the APA.